**Onzie TRAVIS,**

v.

**Robert MEYERS; the District Attorney of the County of Philadelphia; the Attorney General of the State of Pennsylvania.**

**No. 00–1291.**

United States Court of Appeals, Third Circuit.

Argued Feb. 25, 2002.

Decided May 22, 2002.

Mary Gibbons, (Argued), Holiday City Plaza III, Toms River, NJ, for Appellant.

Marilyn F. Murray (Argued), Assistant District Attorney, Thomas W. Dolgenos, Chief, Federal Litigation, District Attorney's Office, Philadelphia, PA, for Appellees.

Before ROTH and FUENTES, Circuit Judges, GIBSON,* Circuit Judge.

* Honorable John R. Gibson, Senior Circuit    Court Judge for the Eighth Circuit, sitting by

## OPINION

ROTH, Circuit Judge.

Defendant Onzie Travis appeals the order of the United States District Court for the Eastern District of Pennsylvania rejecting his petition for a writ of habeas corpus. On November 21, 1995, Travis was convicted of delivery of heroin in the Court of Common Pleas of Philadelphia County. On August 27, 1996, his appeal from the judgment of sentence was dismissed by the Superior Court of Pennsylvania, and the Supreme Court of Pennsylvania denied allocatur in that action on April 28, 1997. Travis filed his first petition for a writ of habeas corpus on June 9, 1997. It was summarily dismissed by the District Court for failure to exhaust his state remedies. We affirmed that order on January 29, 1998. On March 17, 1998, pursuant to the direction of the federal court, Travis filed a pro se petition for collateral review pursuant to Pennsylvania's Post Conviction Relief Act. On April 13, 1999, the Commonwealth agreed that Travis's direct appeal rights should be reinstated, nunc pro tunc. The Pennsylvania Superior Court affirmed Travis's conviction on January 3, 2002. Travis filed this petition for a writ of habeas corpus on January 31, 2000, basing his claim on intentional inordinate delay in appeal and failure to furnish transcripts needed on appeal. The Magistrate Judge issued a report and recommendation on Travis's petition. In his report, the Magistrate Judge concluded that although there had been some delay in the state court proceedings, the delay was not inordinate and the federal court should allow the case to proceed in the state system. Travis filed objections to the report. On April 5, 2000, the District Court denied the objections, adopted the report and recommendation of the

Magistrate Judge, and dismissed the petition for failure to exhaust state remedies. On April 4, 2001, we granted Travis a certificate of appealability with respect to whether exhaustion should be excused, based upon inordinate delay pursuant to 28 U.S.C. § 2254(b). We have jurisdiction over this appeal pursuant to 28 U.S.C. §§ 1291 and 2253(c)(1)(A).

On appeal, Travis first argues that the lack of exhaustion of his remedies in state court may be excused for inordinate delay. As we stated in *Story*, a state prisoner seeking federal habeas corpus relief must present each of his claims to the state's highest court. *Story v. Kindt*, 26 F.3d 402, 405 (3d Cir.) *cert. denied* 513 U.S. 1024, 115 S.Ct. 593, 130 L.Ed.2d 506 (1994) (citing *Picard v. Connor*, 404 U.S. 270, 275, 92 S.Ct. 509, 513, 30 L.Ed.2d 438 (1971)). Federal Courts may entertain the merits of a petition for habeas corpus where no remedy exists at the state level or when the state process would frustrate the use of an available remedy. *Id.* Inexcusable or inordinate delay may render the state remedy effectively unavailable. *Id.* While there was some delay in the state court proceedings, the District Court was within its discretion in finding that the delay was not inordinate. A remedy in the state courts was available and being pursued, and a decision was pending in the Pennsylvania Superior Court. Indeed, the Superior Court affirmed Travis's conviction a little more than a month prior to oral argument in this appeal.

We have previously held that where exhaustion of state remedies has been excused, the federal court should stay its hand if, before it has embarked on proceedings of substance, there is reliable evidence that the state action has been reactivated. *See Walker v. Vaughn*, 53 F.3d 609, 615 (3d Cir.1995). At the time that

designation.

Travis's case was reviewed by the Magistrate Judge, briefs had been submitted to the Superior Court and a decision had been pending for just under a year. There was sufficient evidence for the District Court to find that the Superior Court action was proceeding and that a decision would be rendered. Pursuant to *Walker*, therefore, the District Court properly allowed the case to proceed in the state system.

Travis's second contention on appeal is that the alleged inordinate delay in state proceedings gives rise to an independent violation of his due process rights. Prior to appellate review in a habeas corpus proceeding, Travis had to obtain a certificate of appealability which specified the issues for which he had made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2) & (3). Travis's certificate appealability was granted solely with respect to whether exhaustion should be excused, based upon inordinate delay in accordance with *Story*. The certificate of appealability did not include the issue of an independent violation of Travis's due process rights. In addition, the Pennsylvania Supreme Court has granted Travis's petition for allocatur. Travis will have the opportunity to address his due process claim before that court. For that reason, we believe that it is not appropriate for us to grant a certificate of appealability on this issue. Travis's claim of an independent violation of his due process rights is not, therefore, properly before us.

We will, therefore, affirm the order of the District Court denying the petition for a writ of habeas corpus.